IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL VALENTINE GARDNER                                            PLAINTIFF
ADC #175884

v.                              3:21-cv-00060-JM-JJV

JOE PAGE, III, *et al*.                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.   INTRODUCTION**

Plaintiff sued Arkansas Division of Correction Director Dexter Payne, Grimes Unit Warden Joe Page, III, Deputy Warden Kenny Davis, and Lieutenant Richard Lee under 42 U.S.C. § 1983. (Doc. No. 2 at 1-2.) Plaintiff sued all Defendants in their personal and official capacities.

(*Id*. at 2.)  Plaintiff alleged Defendant Lee "egregiously fabricated, fallacious, information against [him] causing disciplinary adverse action, including deprivation, mental stress, and anguish." (*Id*. at 4.)  Plaintiff claimed the kiosk entry/record will substantiate his claim that the major disciplinary action written by Defendant Lee is false.  (*Id*.)

## II.     SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    PLAINTIFF'S COMPLAINT

As part of the screening process, on March 23, 2021, I advised Plaintiff that his Complaint failed to state a claim on which relief may be granted.  (Doc. No. 3.)  I also explained to Plaintiff

the deficiencies in his Complaint. (*Id*. at 3-5.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id*. at 5, 8.) Plaintiff was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*. at 6, 8.) Plaintiff has not filed an Amended Complaint or otherwise responded to my March 23 Order and the time for doing so has passed.

Plaintiff's Complaint fails to state a claim on which relief may be granted. Plaintiff sued Defendants in their personal and official capacities seeking damages only. Plaintiff's § 1983 claims against Defendants in their official capacities are the equivalent of claims against the State of Arkansas and are barred by Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's official capacity claims fail.

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Plaintiff sued Defendants Page, Davis, and Payne, but he made no specific factual allegations against them. (Doc. No. 2.) Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff failed to state a claim on which relief may be granted against Defendants Page, Davis, and Payne.

Plaintiff alleged Defendant Lee issued a false disciplinary against him. (Doc. No. 2.) This allegation, without more, does not state a claim under 42 U.S.C. § 1983. *See Davis v. Boylan*, 670

Fed. Appx. 435, 436 (8th Cir. 2016) (per curiam) (citing *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994).

Plaintiff was warned of the deficiencies in his Complaint, and I explained to him what any Amended Complaint should include, if he chose to file one. (Doc. No. 3 at 5.) Plaintiff was advised to specify the capacity in which he sued Defendants, to provide specific facts against each named Defendant, to explain the reason for any official capacity claim, and to describe the relief he seeks. (*Id.*) Despite these instructions, Plaintiff chose not to file an Amended Complaint.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 27th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."